## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON MITCHELL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-675-SDD-RLB** |
| **SOUTHERN FIDELITY INSURANCE COMPANY** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 1, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JASON MITCHELL, ET AL.**                                                   **CIVIL ACTION**

**VERSUS**                                                                            **NO. 21-675-SDD-RLB**

**SOUTHERN FIDELITY INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint and for Issuance of New Scheduling Order. (R. Doc. 22). The deadline to file an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.

**I.    Procedural History**

On or about October 7, 2021, Jason and Kellie Mitchell (collectively, "Plaintiffs") filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, naming as defendants Capitol Preferred Insurance Company ("Capitol"), Insurance Claims Unlimited, Inc. ("ICU"),[1] and Mark Martin (collectively, "Defendants"). (R. Doc. 1-9). Plaintiffs seek recovery, including bad faith damages, related to the adjustment of claim made under a homeowner's policy.

On November 19, 2021, ICU removed the action alleging there is diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of Louisiana, Capitol is a citizen of Florida, ICU is a citizen of Florida, and Mr. Martin, a citizen of Louisiana, was improperly joined as a defendant to defeat diversity jurisdiction. (R. Doc. 1 at 2-7).

---

[1] On March 29, 2022, the district judge dismissed Plaintiffs' claims against ICU without prejudice. (R. Doc. 13).

1

On November 26, 2021, Southern Fidelity Insurance Company ("SFIC") filed an Answer asserting that it was "improperly referred to as Capitol Preferred Insurance Company" in the Petition. (R. Doc. 5 at 1).[2] Plaintiff subsequently sought leave to amend the Petition to clarify that SFIC is the proper defendant as the successor in interest to Capitol through an acquisition or merger, to further address SFIC's alleged ongoing failure to pay for additional living expenses, to clarify the damages sought, to reflect SFIC's partial payments and adjustment of the claims, and to remove ICU and Mr. Martin as defendants. (R. Doc. 12). The Court granted this motion, which was unopposed, and ordered SFIC to file into the record a written document identifying its state of incorporation and principal place of business to ensure that the Court can properly continue to exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 14). The Amended Petition was entered into the record. (R. Doc. 15). SFIC then filed a corporate disclosure statement indicating that it is a diverse citizen of Florida. (R. Doc. 16).

On June 15, 2022, SFIC's insolvency was declared by the Second Judicial Circuit Court for Leon County, Florida in a Consent Order Appointing the Florida Department of Financial Services as Receiver of Southern Fidelity Insurance Company for Purposes of Liquidation, Injunction, and Notice of Automatic Stay. (*See* Rec. Doc. 20-2).

On June 20, 2022, SFIC (the sole remaining defendant) filed in this action an unopposed Motion to Enforce Stay and Notice of Liquidation and Statutory Stay. (R. Doc. 20). Through this motion, SFIC asserted that it had been declared insolvent and placed into liquidation, and sought an "automatic statutory stay of all claims against SFIC and any party which it is obligated to defend as provided by La. R.S. 22:2068(A)." (R. Doc. 20 at 1). The referenced provision of the

---

[2] The answer is signed by the attorneys identified as representing Capitol on the docket. The Notice of Removal makes no mention of the entity SFIC. The actually named defendant, Capitol, consented to removal of this action. (R. Doc. 1-8).

2

Louisiana Insurance Guaranty Law, La. R.S. 22:2051, *et seq*, provides that "[a]ll proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action." La. R.S. 22:2068(A). The district judge ordered a stay of the action for six months, or until December 15, 2022, pursuant to La. R.S. 22:2068(A). (R. Doc. 21).

On June 29, 2023, Plaintiffs filed the instant Motion, over six months after the stay was lifted. (R. Doc. 22). Plaintiffs assert that because SFIC remains in receivership, "it is necessary to file an amended lawsuit naming the Louisiana Insurant[y] Association ("LIGA") as a party to this suit" and to seek a cancellation of the appropriation trial date and associated deadlines. (R. Doc. 22 at 1-2). Plaintiffs attached to the Motion a proposed Second Amended Petition for Damages and Bad Faith Penalties, Attorney's Fees and Judicial Interest. (R. Doc. 22-1). Through this Second Amended Petition, Plaintiffs "pray that Louisiana Insurance Guarant[y] Association as statutory guarantor of Southern Fidelity Insurance Company be held liable in solido with Southern Fidelity Insurance Company for all damages, costs, attorney's fees, and expenses permitted by law." (R. Doc. 22-1 at 10). SFIC did not file any opposition to this motion. LR 7(f).

Plaintiffs' Motion and proposed pleading do not assert LIGA's citizenship or otherwise address whether the addition of LIGA as a defendant would destroy diversity jurisdiction. For the following reasons, however, the Court finds it appropriate to grant the instant Motion to the extent it seeks entry of the Second Amended Complaint and to remand the action to the action to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana for lack of subject matter jurisdiction.

3

## II.    Law and Analysis

### A.    LIGA is a Non-Diverse Defendant

There can be no dispute that LIGA is a non-diverse defendant. As a private unincorporated legal entity, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).

Louisiana federal district courts have recently remanded similar actions in which the plaintiffs named LIGA as an additional defendant in light of SFIC's insolvency, specifically concluding that LIGA is a citizen of Louisiana for the purposes of diversity jurisdiction. *See Cormier v. S. Fid. Ins. Co.*, No. 21-03634, 2023 WL 3516207, at *1 (W.D. La. May 2, 2023) ("As recognized by federal district courts throughout Louisiana with varying results, LIGA's member insurers undoubtedly include Louisiana citizens for diversity purposes, bestowing upon LIGA Louisiana citizenship for jurisdictional purposes.") (citing cases), *report and recommendation adopted*, 2023 WL 3510918 (W.D. La. May 17, 2023); *Brunet v. S. Fid. Ins. Co.*, No. 21-2308, 2023 WL 4541114, at *4 (E.D. La. July 14, 2023) ("While Plaintiff has not identified any of the constituent members of LIGA, in a separate matter that was previously before this Court, counsel for LIGA acknowledged during a telephone status conference . . . that, "LIGA is a Louisiana citizen because one or more of its constituent insurer members is a citizen of Louisiana."); *Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *3 (E.D. La. Apr. 4, 2023) (same); *Keiffer v. S. Fid. Ins. Co.*, No. 22-863, 2023 WL 157631 (E.D. La. Jan 11, 2023) (granting unopposed motion to remand after plaintiff amended the complaint to name LIGA as a defendant in the action, which destroyed complete diversity); *see also Derouen v. Anco Insulations, Inc.*, No. 21-215, 2021 WL 4450238 (M.D. La. Aug. 27, 2021) (remanding action

because of the presence of non-diverse defendants in the action, including LIGA), *report and recommendation adopted*, 2021 WL 4444721 (M.D. La. Sept. 28, 2021).

Because LIGA is a non-diverse defendant, its joinder as a defendant in this action would require remand for lack of complete diversity. *See* 28 U.S.C. § 1332. In light of the foregoing, the Court discusses below whether post-removal amendment should be allowed under 28 U.S.C. § 1447(e).

### B.     Amendment of the Pleadings to Name a Non-Diverse Defendant

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when an amendment seeks to add a nondiverse party that would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder, or permit

5

joinder and remand the action to the State court." In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987),[3] the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more closely than an ordinary amendment," while considering several factors outlined by the Court—*i.e.* 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id.*

Here, the *Hensgens* factors weigh in favor of allowing amendment to name LIGA as a non-diverse defendant. First, the purpose of the amendment is to name a proper defendant, not to destroy federal diversity jurisdiction.[4] Because SFIC is an "insolvent insurer" under La. R.S. 22:2055(7), LIGA is SFIC's statutory successor in interest pursuant to the Louisiana Insurance Guaranty Law, rendering LIGA an appropriate additional defendant in this action. *See Brunet*, 2023 WL 4541114, at *3; *see also Cormier*, 2023 WL 3516207, at *2 ("Pursuant to La. R.S. 22:2058(A), Plaintiffs' suit against a now-insolvent insurer [SFIC] is construed as asserting a claim for which LIGA may be statutorily liable, subject to limitations found in La. R.S. 22:2008."). Furthermore, given that SFIC, which was not named a defendant in the original state court Petition, only entered into receivership after removal of this action, Plaintiffs "neither knew

---

[3] Section 1447(e) was enacted after the Fifth Circuit's decision in *Hensgens*. Nonetheless, the Fifth Circuit has continuously advised that a trial court considering joinder under § 1447(e) should "temper[ ] its discretion with the standard established by *Hensgens*. . . ." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting *Hensgens* is the "correct legal standard" for court to apply in determining whether to exercise its discretion under § 1447(e) to permit joinder of non-diverse party after removal).

[4] Plaintiffs' motion does not specifically seek remand and presupposes that this Court will retain subject matter of this action and issue a modified scheduling order.

6

nor should have known of LIGA's involvement in this litigation" at the initiation of this action in state court. *See Brunet*, 2023 WL 4541114, at *3; *Soza*, 2023 WL 2770125, at *4. Given the foregoing, it is proper to conclude that "Plaintiffs' motion to amend was prompted by the post-filing insolvency of its insurer and was not undertaken for the purpose of defeating diversity jurisdiction." *Cormier*, 2023 WL 3516207, at *2.

The second *Hensgens* factor, however, is neutral at best. Notice of SFIC's insolvency was issued on June 15, 2022. After the temporary stay was lifted on December 15, 2022, Plaintiffs inexplicably waited over six months to file the instant Motion to add LIGA as an additional defendant. While the Court does not find Plaintiffs to have been particularly diligent in seeking amendment, that conclusion is not fatal to the relief sought given the satisfaction of the remaining factors.

Indeed, the third *Hensgens* factor weighs in favor of allowing amendment. The denial of Plaintiffs' motion would result in significant prejudice to Plaintiffs if they "are not allowed to name LIGA as a defendant since they can no longer seek recovery from SFIC." *Brunet*, 2023 WL 4541114, at *4; *Soza*, 2023 WL 2770125, at *5. Moreover, the Court finds no substantial reason under the general requirements of Rule 15(a)(2) to deny amendment to name LIGA as an additional defendant.

For the foregoing reason, the Court concludes that it is proper to allow amendment to name the non-diverse defendant LIGA as a defendant, which will destroy subject matter jurisdiction and require remand of the action to state court. *See* 28 U.S.C. § 1447(e); 28 U.S.C. § 1332.

7

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Leave to File Amended Complaint and for Issuance of New Scheduling Order (R. Doc. 22) be **GRANTED** to the extent it seeks leave to amend to join the Louisiana Insurance Guaranty Association as an additional defendant in this action.

**IT IS FURTHER RECOMMENDED** that the district judge **ORDER** the Clerk's Office to file Plaintiff's Second Amended Petition for Damages and For Bad Faith Penalties, Attorney's Fees and Judicial Interest (R. Doc 22-1) into the record.

**IT IS FURTHER RECOMMENDED** that the district judge **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana for lack of subject matter jurisdiction in light of the addition of the non-diverse defendant Louisiana Insurance Guaranty Association.

Signed in Baton Rouge, Louisiana, on August 1, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**